Amanda F. Benedict, Ca. Bar No. 200291
LAW OFFICE OF AMANDA F. BENEDICT
7710 Hazard Center Dr. Ste E-104
San Diego, CA 92108
Telephone: (760) 822-1911
Facsimile: (760) 452-7560
amanda@amandabenedict.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AMY WAYNE,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**ZEETOGROUP LLC,** a Delaware limited liability company, and **TIBRIO LLC,** a Delaware limited liability company,<br><br>*Defendants.* | Case No. **'20 CV0175 CAB LL**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Amy Wayne ("Wayne" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendants Zeetogroup LLC ("Zeeto" or "Defendant Zeeto") and Tibrio LLC ("Tibrio" or "Defendant Tibrio") to stop the Defendants from violating the Telephone Consumer Protection Act by sending unsolicited, autodialed text messages to consumers, and to otherwise obtain injunctive and monetary relief for all persons injured by the conduct of both

CLASS ACTION COMPLAINT
1

Zeeto and Tibrio. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## INTRODUCTION

1. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3). By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

2. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

3. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

4. According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 alone, at a rate of 168.8 million per day. www.robocallindex.com (last visited April 9, 2019). YouMail estimates that in 2019 robocall totals will exceed 60 billion. See id.

5. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

## ZEETO AND TIBRIO

6. GetItFree.us is owned and/or controlled by both Defendants Zeeto and Tibrio.

7. Part of the marketing plan used by Zeeto and Tibrio includes sending text messages *en masse* to consumers regarding promotions and other offerings from GetItFree.us.

8. Such text messages are sent using an automated telephone dialing system ("ATDS" or "autodialer") without the necessary express written consent.

9. Plaintiff received an autodialed text message to her cellular phone from Zeeto and Tibrio asking her to approve receiving automated marketing messages from GetItFree.us.

10. In response to this text message, Plaintiff files this class action lawsuit seeking injunctive relief, requiring Zeeto and Tibrio to cease sending unsolicited, autodialed text messages to consumers' cellular telephone numbers, as well as an award of statutory damages to the members of the Class.

## PARTIES

11. Plaintiff Wayne is a Boca Raton, Florida resident.

12. Defendant Zeeto is a Delaware corporation with its head office located in San Diego, California. Zeeto does business throughout this District, California, and the United States.

13. Defendant Tibrio is a Delaware corporation with its head office located in San Diego, California. Tibrio does business throughout this District, California, and the United States.

## JURISDICTION AND VENUE

14. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

15. This Court has personal jurisdiction over the Defendants and venue is proper in this District under 28 U.S.C. § 1391(b) because Zeeto and Tibrio both

1  maintain a head office in this District, and because the wrongful conduct giving
2  rise to this case was directed from this District.

## COMMON ALLEGATIONS

## OWNERSHIP AND CONTROL OF GETITFREE.US

16.  GetItFree.us is currently registered to Matt Ferguson[1] of Defendant Zeeto:



16.  Defendant Zeeto currently holds the trademark on Get It Free.[3] [4]

17.  Zeeto considers GetItFree.us to be its flagship property:

[5] [6]

---

[1] https://www.linkedin.com/in/mfergie/
[2] https://domainbigdata.com/getitfree.us
[3] https://trademark.trademarkia.com/get-it-free-85827356.html
[4] https://trademark.trademarkia.com/get-it-free-85678541.html
[5] https://www.facebook.com/pg/zeeto/posts/?ref=page_internal
[6] https://blog.liveintent.com/a-qa-with-zeeto-media/

19. Defendant Tibrio also claims that GetItFree.us is one of its flagship properties as it states "Tibrio owns and operates multiple properties. Check them out below!"[7]


[8]

## TIBRIO IS THE SISTER COMPANY OF ZEETO

20. In certain job postings, it is shown that jobs are shared between Zeeto and Tibrio:

[9]

21. The job posting that was referenced above also calls Tibrio a "sister company to Zeeto.io."[10]

22. Both Zeeto and Tibrio operate out of the same office.

---

[7] https://www.tibrio.com/about-us/properties
[8] https://www.tibrio.com/about-us/properties
[9] https://www.indeed.com/viewjob?jk=8fa6d07a2684caa6&tk=1dpd7l83l4o9o801&from=serp&vjs=3
[10] *Id.*

[11]  [12] 

23. Zeeto and Tibrio share much of the same management team: Marcie Gately is the Chief Product Officer at Zeeto while simultaneously the COO at Tibrio:



Stephan Goss is listed as the CEO for Zeeto and simultaneously the CEO of Tibrio:

[13]



---

[11] https://zeeto.io/
[12] https://www.tibrio.com/
[13] https://zeeto.io/team-directory/

[14]



24. Both Zeeto and Tibrio benefit financially from autodialed text messages that are sent from the website GetItFree.us.

## TCPA LEGALITY OF AUTODIALED TEXT MESSAGES

25. On GetItFree.us the Privacy Policy indicates the fact that GetItFree.us does send text messages using an autodialer:

[15]

> **MOBILE POLICIES**
>
> When you register with us or use the Site, you may provide us with your mobile telephone number for the specific purpose of being contacted via telephone calls or text (SMS) messages. When providing us with your mobile number and checking the box to sign up for text message updates and offers, you are providing us with your consent to receive automated phone calls or text messages from or on behalf of Get it Free, some of which may be conducted via an automatic dialing system. Further, you understand that consent is not required as a condition of purchase.

26. In sending the unsolicited text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone numbers to be called, using a random or sequential number generator, and/or to call numbers from pre-loaded lists. This is evident from the circumstances surrounding the text

---

[14] https://www.tibrio.com/team/team
[15] https://getitfree.us/privacy/

messages, including the ability to trigger an automated response by replying "YES," the text messages' commercial and generic content, and that they were sent without consent, which is consistent with the use of an automatic telephone dialing system to send text messages.

27. There are numerous complaints posted online regarding unsolicited text messages that consumers have received from Zeeto and Tibrio. The following is a sample of those complaints:

- "Some how this organization obtained my phone number with out my knowledge and has been sending me numerous text messages. I have reply "STOP" for them to discontinue such text messages. However, I am still receiving them. I am not able to block the number, because they are using "Short Codes" that cannot be blocked. They have shared my information to other similar entities such that I am receiving numerous texts as well. For an example, I have submitted a BBB complaint pertaining to Samples of Today."[16]
- "They keep claiming to offer freebies and called me Nae a few times. This is not me and I never signed up for this."[17]
- "For some reason when I send STOP the text messages won't stop."[18]
- "Ice skating has never looked cooler! Check out those skills and that view http://claim.getitfree.us/Skating Reply STOP to Stop. But will replying just show it is an active number?"[19]
- "Received a message from 45894 on Nov 24, 2017 with the message: "Don't want to go to Black Friday shopping Brenda? No worries. I

---

[16] https://www.bbb.org/us/ca/san-diego/profile/coupon-books/getitfreeus-1126-172004221/complaints
[17] https://shortcodes.org/uncategorized/45894-short-code/
[18] *Id.*
[19] *Id.*

   found this FREE MAC makeup gift set for you. https://i.getitfree.us/go/MACmakeup" (I don't know who Brenda is, but 45794 keeps texting various sale messages to my phone. I just sent them a text that reads: "STOP, QUIT, unsubscribe – DO NOT CONTACT!!")"[20]

- "Spammer's and Scammers"[21]
- "I get all kinds of stuff from this number79226. Please make it stop."[22]
- "Stop your crap A.H. no Thelma here ."[23]

**Plaintiff Received an Unsolicited Autodialed Text Message to Her Cell Phone**

28. On September 26, 2019 at 5:14 PM, Plaintiff Wayne received an autodialed text message on her cell phone from Defendants using phone number 619-389-3634:



---

[20] *Id.*
[21] https://shortcodes.org/uncategorized/79226-short-code/
[22] *Id.*
[23] *Id.*

29. Plaintiff believes this text message is autodialed and sent *en masse* because the text message is impersonal in nature and instructs the recipient to interact with it in a way one would interact with an automated program, and even references their intention to send her additional text messages like the text message at issue.

30. The autodialed text message that Plaintiff received on her cell phone references the website getitfree.us/info4.[24]

31. Plaintiff has never given Zeeto or Tibrio consent to send automated text messages to her.

32. The unauthorized text message that was sent by Zeeto, as alleged herein, harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Wayne's use and enjoyment of her cellular phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

33. Seeking redress for these injuries, Wayne, on behalf of herself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claim

34. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

**Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class

---

[24] http://getitfree.us/info4/

certification (1) Defendant Zeeto and Defendant Tibrio (or an agent acting on behalf of either Defendant) text messaged, (2) on the person's cellular telephone number, (3) using a text messaging platform substantially similar to the text messaging platform Defendant Zeeto and Defendant Tibrio used to text message Plaintiff, (4) for whom either Defendant claims (a) it obtained prior express consent in the same manner as either Defendant claims it supposedly obtained prior express consent to text message Plaintiff, or (b) it did not obtain prior express consent.

35. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant Zeeto and Defendant Tibrio, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against either Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

36. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

37. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

       (a) whether the Defendants used an automatic telephone dialing system to send text messages to Plaintiff and the members of the Autodialed No Consent Class;

       (b) whether Defendants' conduct constitutes a violation of the TCPA; and

       (c) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

38. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and the Defendant's have no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

39. **Appropriateness**: This class action is also appropriate for certification because the Defendants' have acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants'

misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**

**(Violations of 47 U.S.C. § 227)**

**(On Behalf of Plaintiff and the Autodial No Consent Class)**

40. Plaintiff repeats and realleges paragraphs 1 through 46 of this Complaint and incorporates them by reference.

41. Defendant Zeeto and Defendant Tibrio and/or their agents sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

42. These solicitation text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation text messages.

43. Defendants' conduct was negligent, wilful, or knowing.

44. The Defendants have therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to between $500 and $1,500 for each and every text message.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Wayne, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above, and appointing Plaintiff as the representative of the Class and her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that the actions of Defendant Zeeto and Defendant Tibrio, as set out above, violate the TCPA;

d) An injunction requiring the Defendant's to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Wayne requests a jury trial.

Respectfully Submitted,

**AMY WAYNE**, individually and on behalf of those similarly situated individuals

Dated: January 26, 2020

By: /s/ Amanda Benedict
Amanda Benedict
Law Office of Amanda Benedict
7710 Hazard Center Drive, Suite E104
San Diego, CA 92108
amanda@amandabenedict.com
Phone: (760) 822-1911

Patrick Peluso*
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, CO 80210
Phone: (720) 213-0676
ppeluso@woodrowpeluso.com

*Pro Hac Vice Motion forthcoming